```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
_____

PRINELL PAUL,

                      Plaintiff,           9:24-CV-1464
                                          (GTS/ML)
      v.

DEPUTY SHERIFF SERGEANT ERIC JOHNSON, et al.,

                      Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

PRINELL PAUL
Plaintiff, pro se
05002328
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

ONONDAGA COUNTY ATTORNEY'S OFFICE      MARK A. VENTRONE, ESQ.
John H. Mulroy Civic Center
421 Montgomery Street
10th Floor
Syracuse, NY 13202
Attorneys for Defendants

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

I.      **INTRODUCTION**

      Pro se plaintiff Prinell Paul ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 asserting claims arising out of his confinement at the Onondaga County Justice Center ("Onondaga County J.C."). See Dkt. No. 1 ("Compl."). Plaintiff, who was incarcerated at time

he filed the action, also filed a request to proceed in forma pauperis ("IFP").  Dkt. No. 6 ("IFP Application").

In a Decision and Order filed on February 5, 2025 (the "February Order"), the Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 8.  The Court found that the complaint failed to state a claim and dismissed all claims, without prejudice.  *See id*.  In light of plaintiff's pro se status, he was afforded an opportunity to file an amended complaint.  *See id.*

On March 18, 2025, plaintiff filed an amended complaint. Dkt. No. 11 ("Am. Compl."). In a Decision and Order filed on May 12, 2025 (the "May Order"), the Court accepted the amended complaint as the operative pleading and directed defendants Hanauer, Apples, Whitmore, Burns, Jarvis, Lee, Sanderson, Bryant, and Johnson to respond to the excessive force and failure-to-intervene claims.  Dkt. No. 12.  In August 2025, defendants filed answers to the amended complaint.  Dkt. Nos. 18, 20.

Presently before the Court is plaintiff's motion for preliminary injunctive relief.[1]  Dkt. No. 30.  For the reasons set forth below, plaintiff's motion is denied.

## II.     MOTION FOR A PRELIMINARY INJUNCTION

### A.  Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc*., 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "In general, district courts may grant a

---

[1] Defendants were provided with an opportunity to respond to plaintiff's motion, and did not submit a response or opposition.

2

preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.' " *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).

      The alleged violation of a constitutional right generally satisfies a plaintiff's burden to demonstrate irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996).  However, "[i]rreparable harm is injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *N.Y. ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir.), *cert. dismissed sub nom. Allergan PLC v. N.Y. ex. rel. Schneiderman*, 136 S. Ct. 581 (2015) (citation and internal quotation marks omitted). Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y.

Mar. 10, 2006) (citations omitted); *see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff).  "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

### B. Analysis

In his motion, plaintiff claims he is "fearful of [his] life inside the Justice Center" and seeks an order transferring him from the Onondaga County J.C. to Jamesville Jail.  *See generally* Dkt. No. 30.  Plaintiff also seeks an order restraining defendants from "further gang assault, verbal assault, sexual assault, threats, intimidation, lies, falser reports, or sending inmates to attack."  *Id.*

First, as discussed *supra*, the defendants herein are Hanauer, Apples, Whitmore, Burns, Jarvis, Lee, Sanderson, Bryant, and Johnson.  To the extent that plaintiff seeks injunctive relief against individuals, who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir.

2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Second, "[a] showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, 437 Fed. App'x 57, 58 (2d Cir. 2011) (summary order) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)).  However, speculative, remote, or future injury is not the province of injunctive relief.  *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983).  Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Bisnews AFE (Thailand)*, 437 Fed. App'x at 58 (quoting *Faiveley*, 559 F.3d at 118); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)).  A finding of irreparable harm cannot be based solely on past conduct. *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016).

Here, plaintiff has not asserted any facts suggesting that he will suffer harm or what harm he will suffer if the relief is not ordered.  The mere fear of a possible occurrence is not sufficient to establish irreparable harm; this includes when such fear is based on past conduct or experiences.  *See Batalla Vidal v. Nielsen*, 279 F.Supp.3d 401, 434 (E.D.N.Y. 2018).

Third, plaintiff is not entitled to injunctive relief because he has failed to provide proof of a likelihood of succeeding on the merits of his claim, or evidence that establishes sufficiently serious questions going to the merits of that claim and a balance of hardships tipping decidedly toward plaintiff. *See Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992). Here, the motion includes no concrete facts to support plaintiff's request for relief. *See Southerland v. N.Y.C. Hous. Auth.*, No. 10-CV-5243, 2011 WL 73387, at *3 (E.D.N.Y. Jan. 7, 2011) (explaining that "motions for preliminary injunctions are 'frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65' ") (quoting 11A C. Wright & A. Miller, Fed. Practice & Proc., § 2949 (2004)).

Fourth, the Court is unable to provide the relief requested as plaintiff has no right to a be confined to the prison of his choosing. *See Meachum v. Fano*, 427 U.S. 215, 229 (1976) (stating that "[t]he federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States") (citations omitted); *Olim v. Wakinekona,* 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility); *see also McFadden v. Solfaro,* Nos. 95-CV-1148, 95-CV-3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998) (noting that prisoners "possess no right to be placed in a particular facility[,]" and the New York State Department of Corrections and Community Supervision has "broad leeway in deciding where to house the inmates under its protective care").

Finally, to the extent that plaintiff requests that the Court enjoin defendants from "further assault," this request amounts to no more than an obey-the-law injunction that is not favored. *See, e.g., S.C. Johnson & Son, Inc. V. Clorox Co*., 241 F.3d 232, 240 (2d Cir. 2001).

Based on the foregoing, the Court concludes that plaintiff has failed to demonstrate a basis for granting his motion for a preliminary injunction. Accordingly, the motion is denied

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 30) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: December 2, 2025

Glenn T. Suddaby
U.S. District Judge